UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

NICOLE GIVENS                                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:25-CV-438-CWR-ASH

HEALTHIER MISSISSIPPI PEOPLE, LLC                                              DEFENDANT

ORDER

On January 26, 2026, Defendant Healthier Mississippi People, LLC, "inadvertently" filed its responses to Plaintiff Nicole Givens's discovery requests "while attempting to file [its] Notice of Service" of those responses. Mot. [26]. Upon realizing its error, Defendant filed a half-page Motion to Strike, or in the Alternative, Restrict Document from Public Access. *Id.* The motion cites no legal authority and is unaccompanied by a supporting memorandum as required by Local Rule 7(b)(4). As explained below, the Court denies the motion and directs the Clerk of Court to lift the restriction on Docket Entry 23.

Starting with the request to "strike Dkt. No. 23 from the public record," Defendant cites no rule of civil procedure or of this Court that would permit the removal of a filed document from the docket, and the Court is aware of none. *Cf.* Fed. R. Civ. P. 12(f) (allowing the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). Even if such authority were provided, Defendant has not explained why the inadvertently filed discovery responses should be removed from the docket. While they were certainly filed in error, *see* Fed. R. Civ. P. 5(d)(1)(A); L.U. Civ. R. 5(d)(3), that error was addressed by the Clerk of Court modifying the docket text accompanying the filing with the following text: "**ERROR**Disregard this entry." Docket Text Accompanying Not. [23].

As to whether the discovery responses should be maintained on the docket under seal or restricted status, because "[t]he public's right of access to judicial proceedings is fundamental," "courts should be ungenerous with their discretion to seal judicial records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). In assessing whether to permit the filing of a document under seal, the Court "must undertake a . . . 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Id.* (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)).

Having conducted this line-by-line analysis of Defendant's inadvertently filed discovery responses, the Court finds no interests favoring nondisclosure that would warrant restricting public access to the document. And Defendant's motion makes no effort to identify any such interest.

Defendant's motion is therefore denied. The Clerk of Court is directed to remove the restriction it placed on Docket Entry 23.

**SO ORDERED AND ADJUDGED** this the 28th day of January, 2026.

                                             s/ *Andrew S. Harris*
                                             UNITED STATES MAGISTRATE JUDGE